UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH E BERRY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>KAREN CAMPBELL,<br><br>　　　　　　　Defendant. | CASE NO. C11-5797-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>JANUARY 20, 2012 |

　　　This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Plaintiff has been granted in forma pauperis status. The Court has reviewed this complaint and because the person being sued does not act under color of state law, the plaintiff fails to state a claim. The defect in the complaint cannot be cured by amendment and the Court recommends that the complaint be dismissed and that the dismissal count as a strike pursuant to 28 U.S.C. 1915(e)(2).

## FACTS

Plaintiff names an attorney who represented him in a criminal matter as the sole defendant in this action (ECF No. 1, proposed complaint). According to the complaint, the attorney works for the Department of Assigned Counsel.

## STANDARD

Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. Leave to amend is not necessary if it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981) (overruled in part on other grounds); Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986). Implicit in the second element, is a third element of causation. See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 286-87, 97 S. Ct. 568 (1977); Flores v. Pierce, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875, 101 S. Ct. 218 (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgment of constitutional protections. Davidson v. Cannon, 474 U.S. 344 (1986). Vague and conclusory allegations of official participation in civil rights

REPORT AND RECOMMENDATION - 2

| 1 | violations are not sufficient to withstand a motion to dismiss. Peña v. Gardner, 976 F.2d 469, |
| 2 | 471 (9th Cir. 1992). |

## DISCUSSION

Plaintiff names his attorney from a criminal case. A defense attorney, even if they are assigned counsel, does not act under color of state law. See Polk County v. Dodson, 454 U.S. 312, 317-18 (1981). Thus, plaintiff fails to state a claim because he fails to establish the first element of a prima facie case -- that the person acted under color of state law. The Court recommends dismissal of the action, with the dismissal counting as a strike. The Court also recommends withdrawal of the in forma pauperis status for purpose of appeal.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 20, 2012, as noted in the caption.

Dated this 27th day of December, 2011.

J. Richard Creatura
United States Magistrate Judge